IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY FRAZIER, *et al*.                                                                                   PLAINTIFFS

v.                                        NO.  4:05CV04077 JLH

FORD MOTOR COMPANY, *et al*.                                                                       DEFENDANTS

### ORDER

The parties have briefed and argued certain disputes regarding plaintiffs' second amended notice of deposition of Ford employees and designated corporate representatives and requests for production of documents, as well as the response and objections of Ford Motor Company to that second amended notice of deposition.  The Court hereby rules as follows:

1.       The objection to the notice of deposition of Jonas Bernquist is sustained.  Bernquist is an employee of Volvo Car Corporation, not Ford Motor Company.  If the plaintiffs wish to depose Bernquist, they will need to issue a subpoena and have it served upon him.  The Court cannot require Ford Motor Company to produce Bernquist pursuant to a notice of deposition in the absence of a subpoena.

2.       Plaintiffs' second amended notice of deposition gave notice of the intent to take the deposition of Joe Neal.  Plaintiffs have subsequently withdrawn the notice of deposition with respect to Neal, so the Court need not rule on whether Ford Motor Company must produce Neal for deposition.

3.       Plaintiffs gave notice of their intention to depose Steve Rouhana.  According to the information provided to the Court, Rouhana is currently an employee of Ford Motor Company, but he was not an employee at or before the time that the vehicle in question was designed, manufactured, and supplied.  It appears to the Court that the information that plaintiffs seek from

Rouhana is in the nature of expert testimony. Plaintiffs may not use Rule 30 to obtain expert testimony from an employee of the defendant. Therefore, the objection to the notice of deposition regarding Steve Rouhana is sustained.

4. Plaintiffs gave notice of their intent to depose Paul Lin and Kermit Henson. Lin and Henson formerly were employees of Ford Motor Company but are no longer. Ford Motor Company has stated that it does not know where Lin and Henson currently reside and therefore cannot produce them for depositions. Therefore, the objection to the notice of deposition regarding Paul Lin and Kermit Henson is sustained.

5. In addition to the notice of the deposition of the specific persons identified above, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs have requested that Ford Motor Company designate and produce for deposition a representative or representatives prepared to testify to matters known or reasonably available to Ford Motor Company with regard to six areas of inquiry:

    A. **Ford's communications and work with child seat manufacturers between 1987 and 1997 regarding child seat and infant seat compatibility.**

    B. **Ford's communications and work with the safety belt supplier for the 1997 Explorer (and any other similar Explorer with the same or similar restraint system for the rear seat) insofar as the communications and work concerned accommodating child occupants, child seats, infant seats, integrated child or infant seats; and child seat compatibility-related issues.**

> **C.     Ford's knowledge and receipt of claims, lawsuits, consumer information or any other form of consumer claim or complaint insofar as the issue relates to a 1991-1997 Ford Explorer wherein the claim, notice, or complaint related to an issue associated with child seats, infant seats, children and rear seat belts, or problems or alleged problems with the performance of the safety belt when being used in any form by a child.**

Ford Motor Company objects that these areas of inquiry are overly broad because the occurrence in this case involved an infant seat whereas these areas of inquiry seek information regarding child occupants, child seats, infant seats, integrated child or infant seats, child seat compatibility-related issues, and other information regarding the performance of the safety belt when being used by a child.  For the reasons stated from the bench during the hearing on December 5, 2007, the Court believes that these areas of inquiry are within the scope of discovery as defined in Rule 26(b)(1) because these areas of inquiry appear reasonably calculated to lead to the discovery of admissible evidence.

> **D.     Ford's communications with and knowledge of child safety restraint issues with Ford Europe, Volvo, Land Rover, Jaguar, or any other affiliate or subsidiary worldwide between 1987 and the present date, including test or simulation results involving children; child seat or infant seat compatibility issues; safety design guidelines; and design of restraints for accommodating children.  For purposes of this category, the intent of this category is to acquire the corporations' knowledge, experience, and research into the issue of child protection in the rear**

3

> **seats of automobiles, including what the company acquired from subsidiaries and what it provided to subsidiaries in terms of test results, knowledge of risks, knowledge of design, standards, and other information.**

Ford Motor Company argues, and the Court agrees, that this area of inquiry is overly broad insofar as it seeks Ford's communications with and knowledge of child safety restraint issues with affiliates or subsidiaries after 1997 when the vehicle in question was manufactured and supplied. Pursuant to Rule 30(b)(6), plaintiffs may depose a representative designated by Ford regarding communications with and knowledge of child safety restraint issues with affiliates or subsidiaries between 1987 and the date that the vehicle in question was manufactured and supplied.

> E. **The Ford/Ford Europe corporate representative or representatives designated to speak for the corporation pursuant to applicable law regarding dolly rollover testing conducted in Europe between 1987 and 1997.**
>
> F. **The Ford/Ford Europe corporate representative or representatives designated to speak for the corporation pursuant to applicable law regarding Explorer stability testing. Stability testing is intended to refer to any form of on-track, onroad, or computer simulation work carried out by representatives of Ford Europe that involves a Ford Explorer vehicle.**

Insofar as plaintiffs seek to require Ford Europe to designate a corporate representative or representatives to speak on these two areas, the objection is sustained. According to information

4

provided to the Court, Ford Europe is a separate corporate entity. Although it is affiliated with Ford Motor Company, no evidence has been presented that would authorize the Court to disregard the corporate form. Insofar as plaintiffs seek a representative from Ford Motor Company to testify regarding Ford Motor Company's knowledge of these two areas, the objection is overruled. Even though these areas of inquiry involve testing in Europe, any knowledge or information that Ford Motor Company may have had before the vehicle in question was manufactured and supplied may be within the scope of discovery as defined in Rule 26(b)(1).

6.  Plaintiffs specified another area of inquiry concerning which it was requesting Ford Motor Company to designate a corporate representative or representatives to speak, but Ford Motor Company has not objected to that area of inquiry, so the Court need not address it.

## CONCLUSION

Plaintiffs' motion to compel depositions is granted in part and denied in part. Ford Motor Company's objections to the second amended notice of deposition, which the Court has considered as a motion to quash, are granted in part and denied in part. Documents #34, #35, #36, #40, #42.

IT IS SO ORDERED this 6th day of December, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE